# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| MICHAEL L. KATHREIN and VICTORIA ZAYTSEVA, | ) |  |
|---|---|---|
| Plaintiffs, | ) | No. 05 C 3385 |
| v. | ) | Judge John W. Darrah |
| CITY OF EVANSTON, ILLINOIS; JACK M. SIEGEL; HERBERT D. HILL; and ELLEN SZYMANSKI, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Michael Kathrein and Victoria Zaytseva, filed suit, *pro se*, against Defendants, alleging retaliation in violation of 42 U.S.C. § 1983. Currently before the Court is Defendants' Motion to Dismiss.

A reading of Plaintiffs' Complaint supports the following summary of the alleged conduct of the parties.

Plaintiffs own a single-family dwelling in Evanston, Illinois. In September 2002, Plaintiffs applied to the City of Evanston for a construction permit to expand an attached one-and-three-quarter-car garage to accommodate two vehicles. In October 2002, Plaintiffs' permit was granted. Plaintiffs commenced construction on the garage, throughout which time city building inspectors reviewed and approved the construction in progress. Construction was completed on or about November 15, 2002.

Unbeknownst to Plaintiffs, sometime in early November 2002, Plaintiffs' neighbor requested that the City review Plaintiffs' permit for error. The City reviewed the permit, finding no errors. However, the neighbor persisted and made additional requests for the review of the permit.

During a subsequent review of the permit, the City discovered that it had made an administrative error. On November 23, 2002, Plaintiffs discovered a "stop work" order taped to the outside of their new closed garage door.

Upon inquiry the following Monday, the City informed Plaintiffs that the City had made an internal administrative error and that, as a result of the error, the Plaintiffs' garage exceeded the authorized side-yard set-back from the property line by 3.75 feet. Without deference to its earlier admission of fault, the City required Plaintiffs to undertake a public zoning appeal process which, continued for more than a quarter of the year.

On April 29, 2003, the City Zoning Board of Appeals, effectively, retroactively cancelled Plaintiffs' permit and ordered Plaintiffs to demolish their garage. The City informed Plaintiffs that if they did not demolish the garage, the City would do so. Subsequently, Plaintiffs filed a civil suit in the Circuit Court of Cook County, No. 03CH16726, seeking injunctive relief and administrative review of the circumstances underlying the garage permit. That suit remains pending.

In December 2004, Plaintiffs submitted an initial proposal to the City for a permit relating to the remodeling of their kitchen. Plaintiffs addressed all of the City's objections. Despite full compliance with all administrative requirements, the City refused to issue the permit. Plaintiffs repeatedly sought the assistance of the City in an attempt to get the permit issued.

On May 11, 2005, Plaintiffs issued a letter to the Community Development Department and to the City's Corporation Counsel demanding either a permit or an explanation for the denial of a permit. On May 13, 2005, the Director of Community Development for the City left a voice message

on Plaintiffs' telephone answering machine. In the message, the Director stated that it was the City's position, with the concurrence of the City's Corporation Counsel and the individual Defendants, that no permit be issued in retaliation to the civil suit filed by the Plaintiffs in relation to the garage permit.

In reviewing a motion to dismiss, the court reviews all allegations in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513. Furthermore, *pro se* complaints are liberally construed "and [are] not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000).

Defendants argue that the Court should abstain from this present suit pursuant to the *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger*), abstention doctrine.

The *Younger* abstention doctrine provides that, absent extraordinary circumstances, federal courts should refrain from interfering with ongoing state proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982) (*Middlesex*). Three factors are considered in determining whether to abstain under the *Younger* abstention doctrine: (1) is there an ongoing state-court proceeding; (2) do the state-court proceedings implicate important state interests; and (3) is there an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex*, 457 U.S. at 433-35.

Defendants contend that the state civil suit Plaintiffs filed in connection with their garage permit constitutes an ongoing state-court proceeding in relation to the present suit. The state-court action is an ongoing state proceeding; however, it has no relation to Plaintiffs' retaliation claim in this Court regarding the denial of a permit to remodel Plaintiffs' kitchen. Any rulings by this Court as to Plaintiffs' retaliation claim will have no effect on, nor interfere with, the pending state-court proceeding. *See Middlesex*, 457 U.S. at 433. Thus, abstention under *Younger v. Harris* is denied.

Defendants also argue that the Complaint should be dismissed as to the individual Defendants because it fails to make any allegations against the individual Defendants.

Plaintiffs' Complaint identifies three individual Defendants in the caption and includes the three individual Defendants in the "Parties" section of the Complaint. Each individual Defendant is identified only as having positions in the City's Corporation Counsel. Neither the individual Defendants nor their conduct are identified in any further allegations.

Therefore, Plaintiffs' Complaint fails to adequately notify the individual Defendants of the principal events alleged against them to allow them to properly answer Plaintiffs' Complaint. Accordingly, Plaintiffs' Complaint is dismissed without prejudice as to the individual Defendants.

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiffs' Complaint is dismissed without prejudice as to the individual Defendants. Plaintiffs are granted leave to file an amended complaint within thirty days of this Order, if Plaintiffs can do so consistent with their obligations under Fed. R. Civ. Proc. 11.

Dated: January 18, 2006

JOHN W. DARRAH
United States District Judge